In re Dr. Moisés Ramírez, Alcalde de Cabo Rojo, querellado y apelante, y James R. Beverley, Gobernador de Puerto Rico, opositor y apelado.

No. 6043.—*Sometido:* Mayo 31, 1932. *Resuelto:* Junio 7, 1932.

*Leopoldo Tormes*, abogado del apelante; *Hon. Attorney General, Charles E. Winter* y *F. Pérez Almiroty, Subprocurador*, abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 3 de mayo de 1932, el Doctor Moisés Ramírez presentó bajo juramento ante esta Corte Suprema un escrito titulado "demanda de apelación" en el que alega, en resumen, que fué electo en 1928 Alcalde de Cabo Rojo y tomó posesión de su cargo y lo vino desempeñando hasta el 28 de abril último en que fué notificado de una resolución que se copia íntegra en la demanda, y cuya parte dispositiva dice: "Por tanto, yo, James R. Beverley, Gobernador de Puerto Rico, en uso de las facultades discrecionales que me concede el Artículo 11 de la Ley No. 53 de 1928, resuelvo declarar, y por la presente declaro vacante el cargo de Alcalde del Municipio de Cabo Rojo."

Alegó además el doctor Ramírez que no estando conforme con dicha resolución que lo destituye de su cargo, apela de ella para ante este tribunal por seis motivos que expresa.

Termina el escrito pidiendo que se dé al mismo el trámite que marca el artículo 29 de la vigente Ley Municipal. Así se hizo y requerido el Gobernador el 9 de mayo, remitió el

14 del propio mes el expediente conteniendo todo lo actuado en el caso.

El 16 de mayo se señaló la vista para el 31. Ambas partes comparecieron presentando la apelada las siguientes excepciones previas:

"1. Que esta Hon. Corte Suprema no tiene jurisdicción para conocer de este recurso de apelación.

"2. Que la demanda no aduce hechos suficientes para determinar la causa de acción que se ejercita."

Se oyó a los abogados sobre las excepciones y presentándose por ellas una cuestión que de ser resuelta en el sentido propuesto decidiría el asunto, se acordó no seguir adelante hasta resolverla, concediéndose dos días a las partes para la radicación de memorándums por escrito.

La propia parte apelante admite que la resolución de que se queja se dictó con arreglo a la sección 11 de la Ley Municipal vigente que, copiada a la letra, dice:

"Artículo 11.—Cuando en algún municipio ocurrieren fricciones continuas entre la Asamblea y el Alcalde, a tal extremo que el crédito municipal y los asuntos públicos sufrieren graves demoras o perjuicios, el alcalde o la asamblea podrá acudir al Gobernador en demanda de que ordene una investigación que, en este caso, será practicada por la oficina del Auditor de Puerto Rico.

"Este funcionario rendirá un informe que será sometido a una comisión de tres miembros del Senado que designe el Presidente, uno de los cuales representará las minorías. Esta comisión tendrá autoridad bastante para recomendar al Gobernador que declare vacante el cargo de alcalde o el de cualquier número de miembros de la asamblea y que proceda al nombramiento de los funcionarios sustitutos por el término y en la misma forma que se dispone en esta Ley para cuando ocurran vacantes en los referidos cargos. La Comisión no adoptará resolución alguna hasta después de celebrarse una vista donde todas las partes interesadas puedan ser oídas y tengan derecho para presentar prueba sobre las cuestiones envueltas. La resolución del Gobernador podrá ser revisable por *certiorari.*"

Y admite además que la apelación que ha establecido se

funda en la sección 29 de la propia ley que también copiada a la letra, en lo pertinente, expresa:

"Artículo 29.—   \*   \*   \*   \*   \*   \*   \*

\*   \*   \*   El Alcalde podrá ser destituído por la Asamblea Municipal mediante resolución adoptada por la mayoría del número total de miembros de que se compone la misma, por causa justificada, previa audiencia y oportunidad para defenderse por sí o por medio de abogados. La asamblea municipal para oír y resolver cualquiera acusación presentada contra el alcalde, formulada por cualquier miembro de la asamblea municipal, por el Gobernador de Puerto Rico o por cualquier ciudadano, podrá reunirse previa convocatoria del presidente de la misma, en cualquier fecha que notificará al alcalde, dándole copia de los cargos con cinco días de anticipación al en que haya de celebrarse la vista, y luego de haber obtenido un *quorum,* para considerar la acusación formulada al alcalde, la asamblea podrá continuar reunida por todo el tiempo que fuere necesario para resolver el caso en definitiva; *Disponiéndose, sin embargo,* que si el Gobernador de Puerto Rico tuviera conocimiento de que existen cargos fundados contra un alcalde y la asamblea municipal no hubiere actuado en la consideración y resolución de dichos cargos, el Gobernador de Puerto Rico podrá considerarlos y resolverlos concediéndole al alcalde los mismos derechos que se le conceden anteriormente para cuando la asamblea municipal entienda en la resolución de los cargos y si el Gobernador de Puerto Rico lo destituyere, podrá el alcalde interponer apelación para ante el Tribunal Supremo de Puerto Rico en la forma que se provee más adelante.

"Cuando se formularen cargos contra el Alcalde, éste podrá ser suspendido del cargo y sueldo, pero si no lo fuere antes de verse el caso, y se resolviere el procedimiento de impugnación destituyéndolo, entonces el alcalde cesará en sus funciones hasta que la resolución que dicte la asamblea municipal o el Gobernador de Puerto Rico en su caso, sea revocada por el Tribunal Supremo de Puerto Rico.

"Contra la resolución que dictare la asamblea municipal destituyendo al alcalde, o negándose a destituirlo, según fuere el caso, podrá el alcalde, o el Gobernador de Puerto Rico, en su caso, recurrir para ante la Corte Suprema de Puerto Rico dentro de un término de diez días después de notificada la parte perjudicada de la resolución recurrida. Asimismo y en los mismos términos po-

drá el alcalde apelar para ante el Tribunal Supremo en caso de haber sido el Gobernador de Puerto Rico el que lo destituyere.

"El recurso de apelación se tramitará mediante escrito radicado ante el Tribunal Supremo y notificado a la Asamblea Municipal o al Gobernador de Puerto Rico en su caso, y deberá acompañarse de un pliego conteniendo los fundamentos de hecho y de derecho en que se apoya. El Tribunal Supremo requerirá a la asamblea municipal o al Gobernador de Puerto Rico, según fuere el caso, para que envíe dentro de los cinco días siguientes el récord conteniendo todo lo actuado y el tribunal, en la vista considerará los hechos y el derecho envueltos en el procedimiento para lo que celebrará la audiencia que estimare conveniente y resolverá las alegaciones que le fueren formuladas por el recurrente o por el recurrido. La Corte Suprema deberá celebrar la vista correspondiente dentro de un término que no excederá de veinte días inmediatamente después de sometido."

Siendo ello así, no se necesita de esfuerzo alguno para concluir que la apelación que se ha establecido no es el recurso que la propia ley concede para el caso de la sección 11 de la misma.

El apelante sostiene que dicha sección once es anticonstitucional porque encomienda funciones judiciales y ejecutivas a la Legislatura, citando el caso de *Springer* v. *Gobierno de Filipinas,* 277 U. S. 189, y que, consistente con su criterio, no debe aprovecharse de nada de lo dispuesto en ella para su propio beneficio, como se aprovecharía si ejercitara el recurso de *certiorari* que autoriza.

Tenga o no razón el apelante, siempre resultaría que el recurso que ha intentado ejercitar, de acuerdo con los expresos términos de la ley, se otorgó para un caso especial distinto, y, en tal virtud, *dicho recurso debe ser desestimado.*